**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JACQUELINE HYLTON,             ) | |
|                        ) | |
|        **Plaintiff,**       ) | |

JACQUELINE HYLTON,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )        No. 4:22-CV-00981-NCC
                                  )
THE BANK OF NEW YORK MELLON f/k/a )
THE BANK OF NEW YORK AS TRUSTEE   )
FOR REGISTERED HOLDERS OF CWABS,  )
INC., ASSET-BACKED CERTIFICATES   )
SERIES 2004-13,                   )
                                  )
        Defendant.                )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 3) and Motion for Sanctions (Doc. 10).  Defendant filed a Memorandum in Support of its Motion to Dismiss (Doc. 4) and Plaintiff filed a Memorandum in Opposition (Doc. 15).  Defendant filed a Memorandum in Support of its Motion for Sanctions (Doc. 11) and Plaintiff filed a Memorandum in Opposition (Doc. 18).  For the following reasons, Defendant's Motion to Dismiss (Doc. 3) and Motion for Sanctions (Doc. 11) will be **DENIED**.

## I.  Background[1]

This action has a history dating back to 2018.  On September 25, 2018, Plaintiff Jacqueline Hylton ("Hylton") filed a Verified Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against the mortgage servicer and foreclosure

---

[1] The Court accepts as true all of the factual allegations contained in the petition, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and takes judicial notice of public records related to the matrix of litigation within which this action arises, *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

trustee in the Circuit Court of St. Louis County, Missouri, Case No. 18SL-CC03459, to halt the foreclosure sale of 9007 Bobb Ave., Overland, Missouri 63114 ("Property") based on various alleged defects.  Hylton dismissed the case without prejudice on February 13, 2019.  On August 8, 2019, Defendant Bank of New York Mellon ("Bank") conducted the foreclosure sale and purchased the Property.  The sale began at 10:00 a.m.[2]  At 10:06 a.m., Hylton filed a Chapter 13 petition in the U.S. Bankruptcy Court for the Eastern District of Missouri, Case No. 19-44939.  On October 8, 2019, the bankruptcy action was dismissed for failure to file tax returns.  On October 15, 2019, the Trustee's Deed was executed on the foreclosure sale.

On November 12, 2019, Hylton filed a Petition for Wrongful Foreclosure against the Bank and the mortgage servicer in the Circuit Court of St. Louis County, Missouri, Case No. 19SL-CC05235.  Hylton alleged that she was current on all payments and had performed all conditions of the note and Deed of Trust, and that the defendants had misapplied and/or failed or refused to apply her payments to the mortgage balance, resulting in foreclosure.  On November 20, 2019, the Bank filed a Complaint in Unlawful Detainer against Hylton in the Circuit Court of St. Louis County, Missouri, Case No. 19SL-AC34300, requesting an award of possession of the Property.

On January 7, 2020, the defendants removed Plaintiff's wrongful foreclosure action to this Court, Case No. 4:20-CV-00021-NCC, based on diversity jurisdiction.  On June 9, 2020, the Court held a Rule 16 Conference and entered a Case Management Order.  The Court held a status conference on March 3, 2021, following Hylton's retention of alternate counsel, and

---

[2] Hylton asserts that the later executed Trustee's Deed states that the sale was "begun" at 10:00 a.m. (Doc. 5 ¶ 5).  The Bank responds that "[c]ounsel's assertion that the foreclosure sale was not completed at 10:00 a.m. … is frivolous and without merit" but provides no support

entered an Amended Case Management Order on March 19, 2021.  On March 23, 2021, the

defendants filed a Motion for Summary Judgment.  In response, on May 7, 2021, Hylton filed a

Motion for Leave to Amend Petition, or Alternatively, Motion for Dismissal without Prejudice.

On June 17, 2021, the Court denied the request to amend but granted the request to dismiss the

action without prejudice, citing the breakdown of Hylton's relationship with prior counsel.

On March 17, 2022, Hylton filed a second Chapter 13 petition in the U.S. Bankruptcy

Court for the Eastern District of Missouri, Case No. 22-40728, this time proceeding pro se.  On

April 15, 2022, this second bankruptcy action was dismissed for failure to file certain documents,

such as a Chapter 13 Plan.

On June 13, 2022, Hylton initiated the instant action against the Bank, filing a Petition to

Set Aside Foreclosure Sale in the Circuit Court of St. Louis County, Missouri, Case No. 22SL-

CC02939, alleging that the foreclosure sale of the Property was wrongful because the automatic

stay resulting from the filing of Hylton's first bankruptcy action went into effect before the sale

was concluded (Doc. 5).  On July 12, 2022, in the Bank's unlawful detainer case, the court

granted Hylton's motion to stay in light of her new allegations.  On September 20, 2022, the

Bank removed the instant action to this Court based on diversity jurisdiction (Doc. 1).  In the

Bank's unlawful detainer case, on December 14, 2022, the Bank filed a motion to vacate the

stay.  A hearing on the motion is currently set for February 7, 2023.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the

"failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, a

---

(Doc. 4 at 4).

complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012).

### III. Analysis

#### A.  Motion to Dismiss

The Bank agrees that the filing of Hylton's first bankruptcy action imposed an automatic stay pursuant to 11 U.S.C. §§ 301 and 362 (Doc. 4 at 4). However, the Bank argues that the stay was not in effect when the foreclosure sale was concluded (*id.*). The Bank argues that, under Missouri law, a non-judicial foreclosure sale is concluded when the winning bid is accepted or at

the end of the auction, citing *Hallquist v. United Home Loans, Inc.*, 715 F.3d 1040 (8th Cir.

2013), and *In re Tucker*, 290 B.R. 134 (Bankr. E.D. Mo. 2003) (*id.* at 4-5).  Citing *Martin v.*

*Lorren*, 890 S.W.2d 352 (Mo. Ct. App. 1994), Hylton responds that the Bank has offered no

affidavits, declarations, or other evidence to show when the sale was concluded, and that Hylton

has stated a prima facie case that the sale was not concluded (either by acceptance of the winning

bid or the end of the auction) by the filing of Hylton's first bankruptcy action six minutes after

the sale began (Doc. 15 at 3-5).  The Court agrees that the *Martin* case is most on point and that

the Bank has not shown that the sale was concluded prior to the bankruptcy filing.

In *Martin*, the winning bidders at a foreclosure sale, Tim and Jeri Martin, filed a suit to

eject the deed of trust settlors, John and Jan Lorren, and the Lorrens counterclaimed that the

foreclosure sale was improper.  890 S.W.2d at 354.  The foreclosure sale began at 9:35 a.m. on

January 20, 1993.  *Id.* at 354.  Tim Martin's bid was accepted and the bidders dispersed before

10:00 a.m.  *Id*.  At 10:35 a.m., the Lorrens filed a petition in the U.S. Bankruptcy Court for the

Eastern District of Missouri, which the parties agreed resulted in an automatic stay.  *Id*.  On

March 23, 1993, upon the motion of the bank involved in the sale, the bankruptcy court entered

an order vacating the stay with respect to the parcel at issue.  *Id*.  On May 28, 1993, the trustee

executed a deed conveying the parcel to Tim Martin.  *Id*.  On June 18, 1993, the bank received a

$4,000 check from Tim Martin and loaned the Martins the remaining $16,000.  *Id*.  The Lorrens

never attempted to redeem.  *Id.* at 357.

The Lorrens argued that the trial court erred in granting summary judgment to the

Martins because the bankruptcy filing stayed the foreclosure sale before it was completed.  *Id.* at

354-55.  The Lorrens argued that the sale was not complete because payment in cash was not

received at the sale.  *Id.* at 355.  The Missouri Court of Appeals construed the argument as one

that, because Tim Martin had paid for the parcel after the stay was vacated instead of before it

took effect, the foreclosure was invalid.  *Id.* at 357.  The court found the argument without merit,

citing *In re Brown*, 75 B.R. 1009 (Bankr. E.D. Pa. 1987).  *Id.*

 In *Brown*, the mortgaged property was sold at 3:15 p.m. in a sheriff's sale, and the

debtors filed a Chapter 13 bankruptcy petition at 4:26 p.m. the same day.  75 B.R. at 1009-10.

The winning bidder had not yet paid or received a deed.  *Id.*  The debtors sought to reinstate the

mortgage by curing pursuant to 11 U.S.C. § 1322(b)(5).  *Id.* at 1010.  Finding that the debtors

could not cure because they filed for bankruptcy after the sheriff's auction was completed and

their right to cure under Pennsylvania law had clearly expired by then, the bankruptcy court

vacated the automatic stay to allow the transaction to proceed.  *Id.* at 1012.  The Missouri Court

of Appeals found that *Brown* supported the proposition that an automatic stay could be vacated

to allow for execution of the deed and payment without the necessity of additional steps like re-

advertising the sale or a new auction.  *Martin*, 890 S.W.2d at 357.

 Like this action, *Martin* involved a Missouri state law claim of wrongful foreclosure due

to a federal automatic bankruptcy stay and a deed that was executed *after* the stay was lifted.

But *Martin* is distinguishable from this action in one significant respect that compels denial of

the Bank's motion to dismiss.  In *Martin*, the winning bid was accepted and the "bidders

dispersed" more than a half hour before the Lorrens filed for bankruptcy.  Here, Hylton filed for

bankruptcy *six minutes* after the foreclosure sale began and there are no facts before this Court as

to when the winning bid was accepted or the auction ended.  This Court need not resolve, at this

stage, the question of when precisely a foreclosure sale is concluded for the purposes of a

Missouri state law claim of wrongful foreclosure due to a federal automatic bankruptcy stay. Under any rule, Hylton's claim must survive.

The *Hallquist* case cited by the Bank is inapposite as it did not involve an automatic bankruptcy stay. 715 F.3d at 1046-47. But the *Tucker* case is somewhat instructive.[3] There, a foreclosure sale was conducted and the Trustee's Deed was executed and delivered. 290 B.R. at 135-36. The next day, the debtor filed a Chapter 13 petition in the U.S. Bankruptcy Court for the Eastern District of Missouri. *Id.* The Trustee's Deed had not yet been recorded. *Id.* The debtor requested to set aside the foreclosure sale as part of her Chapter 13 Plan. *Id.* at 135. She argued that, under Missouri law, the sale was not completed before the bankruptcy filing because the Trustee's Deed was not recorded. *Id.* Citing the *Martin* and *Brown* cases, the bankruptcy court found that a foreclosure sale is complete at the end of the auction and denied the debtor's request. *Id.* at 136-37. Even if the Court applies the proposition set forth in *Tucker*—that a foreclosure sale is complete at the end of the auction—the Bank cannot prevail on its motion to dismiss given that the Court must take Hylton's allegations as true and the Bank has not identified any evidence showing what time the auction actually ended.

Finally, the Court notes that, under Missouri law, "[p]laintiffs, contending that there has been a wrongful foreclosure, can bring 'suit in equity to set aside the sale, or, let the sale stand and sue at law for damages.'" *Zdazinsky v. Four Seasons Lakesites, Inc.*, 901 S.W.2d 224, 225 (Mo. App. 1995) (quoting *Edwards v. Smith*, 322 S.W.2d 770, 776 (Mo. 1959)). Here, Hylton

---

[3] The Court notes that *Tucker* involved a request to set aside a foreclosure sale as part of a Chapter 13 Plan in a federal bankruptcy case as opposed to a Missouri state law claim of wrongful foreclosure.

has brought a suit in equity to set aside the foreclosure sale.  *See* Doc. 5 at 3.  Thus, equitable considerations and doctrines under Missouri law apply.

### B.  Motion for Sanctions

The Bank requests sanctions against Hylton pursuant to Federal Rule of Civil Procedure 11 based on the same arguments made in support of the Bank's Motion to Dismiss.  *Compare* Doc. 4 at 3-5 *with* Doc. 11 at 4-6.  Having dispensed with those arguments above, the Court will deny the motion for sanctions.

### IV.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (Doc. 10) is **DENIED**.

A separate order setting a Rule 16 Conference shall accompany this order.

Dated this 9th day of February, 2023.


    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

8